UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In Re:

    ANNETTE J. MOORHOUSE
    and DAVID A. MOORHOUSE

---

MORRIS L. HOROWITZ, as Chapter 7
Trustee of the Bankruptcy Estate of Annette
J. Moorhouse and David A. Moorhouse,

        Plaintiff-Appellee,

    v.

GERALD ROTE, and
ANNALISA ROTE,

        Defendants-Appellants.

**DECISION AND ORDER**
13-CV-372-A

---

      This bankruptcy appeal is of a grant of summary judgment in an adversary proceeding brought by a Chapter 7 trustee pursuant to 11 U.S.C. § 547 to avoid a preferential transfer of property. An Opinion, Decision and Order of the Bankruptcy Court for the Western District of New York, Michael J. Kaplan, Bankruptcy Judge, held that perfection of a mortgage lien on the home of debtors Annette J. Moorhouse and David A. Moorhouse was an avoidable preferential transfer under § 547(b) of the Bankruptcy Code.

      The preference action was based upon the following undisputed facts: On May, 12, 2009, the defendant-appellants, Gerald Rote and Annalisa Rote, loaned $38,000 to their daughter and son-in-law, debtors Annette and David Moorhouse, to buy a

home.  The Rotes took a mortgage on the Moorhouses' new home to secure repayment of the loan.  The Rotes did not publically record the mortgage until May 4, 2011, seven months before the Moorhouses filed a bankruptcy petition on December 19, 2011.

The Court has considered the submissions of the Rotes and the Chapter 7 Trustee and finds oral argument is unnecessary.  *See* Fed. R. Bankr. P. 8012.  The Bankruptcy Court's grant of summary judgment in favor of the Chapter 7 trustee and against the Rotes correctly rejected the Rotes' claim to an enforceable equitable lien on the Moorhouses' home, but it lacked specific findings on the insolvency and improvement-of-position elements of a preferential transfer under § 547(b).  The record on appeal does not show whether the Bankruptcy Court's lack of necessary findings was harmless error.  Accordingly, the Opinion, Decision and Order of the Bankruptcy Court is affirmed in part, vacated in part, and remanded for further proceedings.

## STANDARDS OF REVIEW

The Court has jurisdiction to hear appeals of final orders of the Bankruptcy Court under 28 U.S.C. § 158(a).  It functions as an appellate court when doing so.  *In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993).  The Court does not have jurisdiction to find facts on appeal; it can only review the factual findings of the bankruptcy court for clear error.  Fed. R. Bankr. P. 8013; *Morgan v. Gordon,* 450 B.R. 402, 405 (W.D.N.Y. 2011) (*quoting Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 61 (W.D.N.Y. 2002) ).  The Court reviews the legal conclusions of the

Bankruptcy Court *de novo*. *See In re Weber*, 719 F.3d 72, 75 (2d Cir. 2013); *see e.g.*, *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).

The Bankruptcy Court's grant of summary judgment pursuant to Bankruptcy Rule 7056 — a determination that no genuine issues of material fact preclude entry of judgment — is a legal conclusion reviewed *de novo*. *See Shackner v. Breslin Realty Development Corp.*, No. 11-CV-2734 (JS), 2012 WL 32624 (E.D.N.Y. Jan. 5, 2012) (*citing cases*). In assessing a motion for summary judgment, the task "is to identify issues to be tried, not decide them." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56 (1986) (*construing* Fed. R. Civ. P. 56).

Under Bankruptcy Rule 9005, any claimed error of the Bankruptcy Court that is harmless is disregarded. *See In re Great Atlantic & Pacific Tea Co., Inc.*, (Nos. 11-CV-1338 CS, 11-CV-1513 CS, 11-CV-1339 CS, 11-CV-1512 CS), 2011 WL 5546954, at *9 (S.D.N.Y. November 14, 2011). A lack of specific findings in support of a grant of summary judgment can be harmless error. *See e.g., In re Sanshoe Worldwide Corp.*, *supra* at pp. 304-05. If substantial rights of an appealing party are affected by an error, the error is not harmless. *Id.*

## DISCUSSION

In general, § 547 and related provisions of the Bankruptcy Code empower a bankruptcy trustee to recover money or property transferred by an insolvent debtor on account of a pre-existing debt to a family-member creditor if the transfer occurs during the one-year period before the debtor files a bankruptcy petition. *See* 11 U.S.C. § 547(b). These provisions ensure a fair and equitable distribution of property of a

3

debtor's estate among all the debtor's creditors of the same class. *See Lawson v. Ford Motor Co.*, 78 F.3d 30, 40 (2d Cir. 1996). A creditor receiving more than others as a result of a preferential transfer "is required to disgorge so that all may share equally." *Id.* Because a trustee can reach back before a bankruptcy petition to recover earlier preferential transfers of a debtor's property, creditors are less likely to force a debtor into bankruptcy by taking actions that break apart the debtor's estate. *See Union Bank v. Wolas*, 502 U.S. 151, 160–61 (1991).

Specifically, § 547(b) authorizes the bankruptcy court to avoid a transfer of a debtor's interest in property as a preferential transfer if the transfer was:

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made . . . on or within 90 days before the date of the filing of the petition; or . . . one year . . . [if the] creditor . . . was an insider; and

    (5) that enables such creditor to receive more than . . . under chapter 7 . . . .

11 U.S.C. § 547(b).[1] The Trustee had the burden of proving all of these elements, 11 U.S.C. § 547(g), and the standard of proof is a preponderance of the evidence. *In re Flanagan*, 503 F.3d 171, 180 (2d Cir. 2007).

The Rotes begin by arguing that publically recording their mortgage seven

---

[1] Family members of a debtor are "insiders" for purposes of the one-year insider preference reach-back period in § 547(b)(4). 11 U.S.C. § 101(31), (45); *Venn v. Purcell*, 127 B.R. 697, 699 (Bankr. S.D.Fla. 1991).

months before the Moorhouses filed bankruptcy was not even a "transfer" of property because they already had an equitable lien on the Moorhouses' home that arose in May, 2009, when they took the mortgage in return for the loan to the Moorhouses. Dkt. No. 4, pp. 4-9. The Rotes argue that publically recording the mortgage during the year before the Moorhouses filed for bankruptcy did not give them an interest in the home greater than they already had through the pre-existing equitable lien. *Id.*

The Bankruptcy Code defines "transfer" to include "creation of a lien." 11 U.S.C. § 101(54)(A). A "lien" includes an "interest in property to secure payment of a debt or performance of an obligation," 11 U.S.C. § 101(37), and the term "security interest' means [a] lien created by an agreement." 11 U.S.C. § 101(51).

Normally, a transfer occurs at the "time [it] takes effect between the transferor and the transferee, if it is perfected." 11 U.S.C. § 547(e)(2)(A). However, if a security interest is not perfected within 30 days of the agreement on which it is based, the transfer is deemed not to have occurred until the security interest is actually perfected. 11 U.S.C. § 547(e)(2)(B); *see e.g.*, *In re Schatz*, 402 B.R. 482, 485-86 (Bankr. D.N.H. 2009) (summary judgment that late-perfected mortgage was a preference).

Perfection occurs when a transfer of property is enforceable against a bona fide purchaser of the property. 11 U.S.C. § 547(e)(1)(A); *In re Water Valley Finishing, Inc.*, 170 B.R. 831, 834 (Bankr. S.D.N.Y. 1994). State law governs whether a transfer is enforceable against a bona fide purchaser. *See e.g.*, *In re Rodriguez*, 261 B.R. 92, 94 (E.D.N.Y. 2001). Under New York law, a mortgage lien becomes enforceable against a bona fide purchaser when the mortgage is publically recorded. N.Y. Real Prop. Law

§ 291 (McKinney 2012); see In re Perosio, 364 B.R. 868, 872-73 (N.D.N.Y. 2006); In re Rodriguez, supra at 94. In light of these provisions of the Bankruptcy Code and New York Real Property Law, the Court finds that the Bankruptcy Court correctly determined that the Rotes' public recording of their mortgage on the Moorhouses' home in May, 2011 was a "transfer of the debtor[s'] interest in property" under § 547(b).

The Bankruptcy Court specifically rejected the Rotes' arguments that they already held an equitable lien on the Moorhouses' home that arose under state law when the Rotes first obtained the mortgage in May, 2009, well before the one-year preference reach-back period. See Dkt. No. 1-2, pp. 2-5, 7-8. But even if the Rotes had an arguable basis in non-bankruptcy law to claim an equitable lien on the Moorhouses' home, an equitable lien is not sustainable under the Bankruptcy Code against a trustee's powers to avoid a transfer of property that is preferential under § 547(b). See e.g., Cadle Co. v. Mangan, 316 B.R. 11, 22-23 (D.Conn. 2004); see also In re Minor, 443 B.R. 282, 288-90 (Bankr. W.D.N.Y. 2011) (discussing 11 U.S.C. §§ 541(d), 544, and 550). While the Bankruptcy Code recognizes a "statutory lien," 11 U.S.C. § 101(53), a "judicial lien," 11 U.S.C. § 101(36), and a "security interest," 11 U.S.C. § 101(51), arising under non-bankruptcy law, and preserves such liens and interests against a trustee's avoidance powers, the Code provides no similar protection to a pre-petition equitable lien. See Cadle Co. v. Mangan, supra (citing 11 U.S.C. § 546(b)); see 11 U.S.C. § 547(e)(2)(B)). As a result, even if the Rotes had some sort of equitable lien on the Moorhouses' home arising in 2009 under non-

6

bankruptcy law, it was not a lien that was superior to the Chapter 7 Trustee's power to avoid a preferential transfer pursuant to § 547(b).

Until the Rotes perfected their mortgage interest in the Moorhouses' home, the Rotes' interest in the home was, as a practical matter, a secret interest. The record below shows their interest was secret for no sinister reason, but simply because the Rotes had tried to save the expense of publically recording the mortgage pursuant to New York Real Property Law § 291. Dkt. No. 1-2, p. 12, No. 2-14, p. 6, ¶ 6. To discourage debtors from trying to favor a creditor pre-petition, and to prevent creditors from trying to take advantage of a debtor, a bankruptcy trustee is empowered by § 547 and related provisions of the Bankruptcy Code to reach back and avoid pre-petition transfers of unperfected and late-perfected security interests for the benefit of all of a debtor's creditors. *See, e.g.*, *In re Dickson*, 427 B.R. 399 , 406-08 (B.A.P. 6th Cir. 2010); *In re Millivision, Inc.*, 474 F.3d 4, 5-6 (1st Cir. 2007). The Bankruptcy Court correctly held the Rotes' May, 2011 perfection of their mortgage on the Moorhouses' home was a transfer of property of the debtors within the meaning of § 547(b).

The Rotes also argue that genuine factual issues underlying the insolvency element of the alleged preferential transfer should have precluded entry of summary judgment. Dkt. No. 4, pp. 10-11. The Bankruptcy Code required the Chapter 7 Trustee to prove that an allegedly preferential transfer was made "while the debtor was insolvent." 11 U.S.C. § 547(b)(3). Insolvency is a question of fact. *In re Ames Department Stores, Inc.*, 506 Fed. Appx. 70, 2012 WL 6684567 *1 (2012) (*citing In re Roblin Indus., Inc.*, 78 F.3d 30, 35 (2d Cir. 1996)). If a trustee fails to establish that

there are no genuine issues of fact material to whether a debtor is insolvent at the time an alleged preferential transfer was made, summary judgment should not be granted.  S*ee, e.g.*, *In re Zerbo*, 397 B.R. 642, 657-58 (Bankr. E.D.N.Y. 2008); *Matter of IMI, Inc.*, 17 B.R. 784, 786-87 (Bankr. E.D. Wis. 1982).

In this case, the Chapter 7 Trustee seems to have provided the Bankruptcy Court little more than a sworn allegation that the Moorhouses were insolvent when the alleged preferential transfer was made.  *See* Dkt. No. 2-6, p. 2, ¶ 6 ("The transfer . . . was made when the Debtor Moorhouse was insolvent.")  The Trustee later contended "it is appropriate and dispositive to presume insolvency from the actual schedules filed by the debtor showing the extent of their debt."  Dkt. No. 5, at p. 7, ¶ 4c.

The Chapter 7 Trustee did not make the Moorhouses' schedules part of the record on the motion for summary judgment in the adversary proceeding below or the record on appeal.  As far as the record on appeal shows, the Trustee provided the Bankruptcy Court no summary of the debtors' schedules or statements, or any other evidence, to show the debtors' debts exceeded the value of their non-exempt assets on or about May 4, 2011.  The Trustee seems not to have made even a conclusory statement that the debtors' debts exceeded the value of their non-exempt assets.  By not presenting debt-to-asset evidence as of the time of the alleged preferential transfer seven months before the debtors' petition was filed, the Trustee failed to meet his burden to provide legally-sufficient evidence to establish the debtors were insolvent when the transfer occurred.  S*ee In re Zerbo*, 397 B.R. at 657-58; 11 U.S.C. § 547(g).

The practical effect of the Chapter 7 Trustee pressing the unsupported presumption that the Moorhouses were insolvent when the Rotes' mortgage was perfected was to shift the burden of proof of the debtors' insolvency from the Trustee to the Rotes and to require the Rotes to rebut the presumption by producing evidence the debtors were solvent. However, under § 547(f) of the Bankruptcy Code, a debtor is presumed insolvent only during the 90-day period before the filing of a bankruptcy petition. 11 U.S.C. § 547(f). A creditor may rebut the presumption of insolvency by producing some evidence suggesting the debtor was solvent or by pointing to schedules and statements tending to show solvency. *See e.g.*, *In re Affinity HealthCare Management, Inc.*, 499 B.R. 246, 257-59 (D.Conn. 2013). In this case, the 90-day presumption of insolvency pursuant to § 547(f) was inapplicable because the perfection of the Rotes' mortgage interest in the Moorhouses' home took place in May, 2011, well more than 90 days before the Moorhouses' bankruptcy petition was filed in December, 2011. The burden of proof of the debtors' insolvency was the Trustee's, 11 U.S.C. § 547(g), and the Trustee did not meet his burden by pressing for a presumption of insolvency by conclusory reference to the debtors' schedules. *See In re Zerbo*, *supra*.

In a usual case in which a consumer debtor's schedules and statements are evidence of insolvency — and this may be such a case for all the record on appeal shows[2] — it can be prudent for a trustee to seek to preserve estate assets by avoiding

---

[2] Fed. R. Bank. P. 8006 makes it the duty of all parties to ensure that the record on appeal is adequate to permit appellate review.

unnecessary discovery and litigation of insolvency during a preference proceeding. The term "insolvency," as the term applies to consumer debtors like the Moorhouses, is not specifically defined in the Bankruptcy Code; it is defined generally for entities, in pertinent part, as a "financial condition such that the sum of [an] entity's debts is greater than all of such entity's property, at a fair valuation." 11 U.S.C. § 101(32)(A); see e.g., In re Roblin Indus., Inc., 78 F.3d 30, 35 (2d Cir. 1996). The Chapter 7 Trustee was not required to produce an expensive forensic accounting of the Moorhouses' finances to sustain his burden of proof as to their insolvency, but by failing even to incorporate into the record below some analysis of the Moorhouses' schedules and statements showing that their debts exceeded the value of their non-exempt property at the time of the alleged preferential transfer, he failed to meet his burden of proof.

The Chapter 7 Trustee suggests on appeal that stipulated or agreed-upon facts support the Bankruptcy Court's rulings. No stipulation or agreement that the Moorhouses were insolvent on May 4, 2011, appears in the record on appeal, however.

The Bankruptcy Court made no specific findings of the Moorhouses' insolvency pursuant to § 547(b)(3) in its Opinion, Decision and Order granting summary judgment to the Chapter 7 Trustee. The Court finds that the lack of a finding that no issues of fact material to the debtors' insolvency at the time of the alleged preferential transfer seven months before their bankruptcy petition was filed is error. On the record before the Court, the error is not harmless. The Opinion, Decision and Order granting the

Chapter 7 Trustee summary judgment is therefore vacated, in part, and remanded.

The Rotes also argue that the Chapter 7 Trustee failed to carry his burden of proof in the Bankruptcy Court to establish the § 547(b)(5) improvement-of-position element of the alleged preferential transfer.  Ordinarily, a trustee seeking to avoid a preference must show the creditor receiving a transfer of estate property received more than if "the transfer had not been made."  11 U.S.C. § 547(b)(5).  This may require a trustee to "construct a hypothetical chapter 7 case, and determine the percentage distribution that the [creditor] would have received on the petition date."  *In re Teligent, Inc.*, 380 B.R. 324, 339 (Bankr. S.D.N.Y. 2008).  "As a practical matter, this element is satisfied whenever the [trustee] shows that the creditor would receive less than 100% in a hypothetical chapter 7 distribution."  *Id.*

A trustee is not likely to bring a preference action unless convinced that avoidance of a preference will result it a larger distribution to creditors.  On appeal, the Chapter 7 Trustee treats it as incontrovertible the Rotes received more as a result of perfection of their mortgage lien that they would have received as a general unsecured creditor if the Moorhouses' non-exempt assets were liquidated and distributed.  Dkt. No. 5, p. 8.  The Trustee noted that "[f]iled claims total $35,870.56."  However, the Trustee introduced no evidence below on the value of debtors' non-exempt assets.  He introduced no evidence whether any other mortgage or liens encumber the Moorhouses' home.  He did not suggest an approximate distribution the Rotes would receive absent the preferential transfer.

There is no finding in the Bankruptcy Court's Opinion, Decision and Order

granting summary judgment to the Chapter 7 Trustee that the alleged preferential transfer permitted the Rotes to receive more than they would have received without the transfer.  See Dkt. No. 1-2, pp. 3-5.  The error may be insubstantial in light of the Moorhouses' schedules, statements, and other information that was generally available to the Bankruptcy Court, but the Trustee's burden to establish the Rotes' improvement of position under § 547(b)(5) required more than his conclusory statements, and the record on appeal does not show that the lack of a specific § 547(b)(5) finding is an insubstantial and harmless error.[3]

**CONCLUSION**

For the reasons stated above, the Opinion, Decision and Order of the Bankruptcy Court for the Western District of New York, Michael J. Kaplan, Bankruptcy Judge, Case No. 11-14319 K, AP No. 12-1018 K, is affirmed in part, vacated in part, and remanded.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 20, 2013

---

[3] In light of the remand of the preference claim for further proceedings, the Court does not address the Rotes' arguments that the Bankruptcy Court should have entered summary judgment in their favor on an affirmative defense pursuant to § 547(c)(2) that they perfected their mortgage interest in the Moorhouses' home in the ordinary course of business.